IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY JAMES GEREN,

    Petitioner,                   No. CIV S-05-1344 RRB GGH P

    vs.

TOM L. CAREY, Warden,

    Respondent.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is proceeding with appointed counsel on an application for a writ of habeas corpus, pursuant to 28 U.S.C. 2254. Petitioner was convicted by a jury of the first degree murder of his wife (Cal. Penal Code §187), with an enhancement for use of a knife found true (Cal. Penal Code §12022(b)), on January 23, 2001; he is serving an indeterminate term of twenty-five years to life in state prison with a one-year enhancement for use of a knife. First Amended Petition (FAP), filed on December 1, 2006, pp. 5-6.[1] Petitioner identifies the following as grounds for relief: 1) ineffective assistance of counsel in violation of the Sixth Amendment due to trial counsel's failure to thoroughly investigate and prepare for trial, failing to obtain a neurological examination for petitioner to support a defense that petitioner acted without malice, without an intent to kill, and unconsciously so as to reduce the level of the offense to involuntary

---

[1] The court references the electronic pagination of filed documents in the electronic case management system.

manslaughter rather than premeditated murder; 2) conflict of interest of trial counsel; petitioner abandons all other claims as set forth in the original petition, filed on July 5, 2005. FAP, pp. 14-33. Pending before the court is petitioner's unopposed request for a stay pending exhaustion of state court remedies.

Petitioner seeks a stay and abeyance in order to exhaust state court remedies as to petitioner's ineffective assistance claim because appointed counsel sought and received funding for a neurologist to evaluate petitioner who, according to petitioner's counsel, has provided new evidence of the prejudice petitioner suffered as a result of his trial counsel's failure to investigate the effect of petitioner's multiple neurological deficits with regard to the formation of the requisite (or prerequisite) intent for murder. Request, filed on January 5, 2007, p. 3. As such prejudice could not be established until this court provided funding for the expert, and as the state courts did not appoint counsel, or an appropriate expert in a state court habeas petition for petitioner, the evidence of the prejudice as to this claim has not been presented to the state courts. Id. In the request, petitioner's counsel avers a petition raising this claim has been prepared and was to be filed, as of January 8, 2007, before the state supreme court. Id. Petitioner seeks a stay pending the ruling by the state's high court. Id. Petitioner's counsel attaches her own declaration recounting the manner of her review of the extensive records in this case, as well as her efforts to obtain an appropriate expert and court funding for him, a Dr. Jeff Victoroff, and the steps the expert took upon the approval of the funding requests. Declaration of Marylou Hillberg, signed on January 5, 2007.

Respondent, on January 16, 2007, filed a statement of non-opposition to petitioner's request for a stay pending exhaustion of state court remedies. Despite respondent's non-opposition to the stay, respondent faults petitioner's counsel for her exclusive reliance, in seeking a stay, on Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005), wherein the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first

exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, supra, at 277-78, 125 S. Ct. at 1535. Because respondent, in the non-opposition statement, does not oppose a stay; agrees that the new facts could not have been raised absent extensive time, research and expense following this court's appointment of habeas counsel; concedes that the revised claim must be presented anew to the state courts and that petitioner, through appointed counsel, appears to have made a good faith effort to perfect his claim, the court will not reach any point of contention as to the sufficiency of the authority relied on by petitioner in seeking a stay.

No substantive opposition to petitioner's request for a stay having been raised by respondent, and, in light of what is in fact respondent's express non-opposition to such a stay, the court will recommend a stay.[2]  In doing so, the undersigned observes that the Rhines Court stated that "district courts should place reasonable time limits on a petitioner's trip to state court and back." Rhines, supra, at 278, 125 S. Ct. at 1535.  There having been no follow-up filing by petitioner at this point, the court is not aware of whether or not a state supreme court petition has, in fact, yet been filed.  Therefore, the court will, in addition to recommending a stay, also recommend reasonable time limits be set for the state court exhaustion process.[3]

\\\\\

---

[2] The court notes that in not opposing petitioner's motion for a stay, respondent nevertheless makes a point of not ceding any ground as to the merits of petitioner's claim or the need for any evidentiary hearing; respondent also reserves the right to raise the statute of limitations as an affirmative defense. Non-Opp., p. 3.

[3] The court need not rule on the exhaustion conundrum presented by this case. If a petitioner has fairly requested to develop a claim in habeas before the state supreme court, and the state supreme court has denied the request, either expressly or inferentially by a denial on the merits, that is all that the doctrine of exhaustion requires, i.e., the state court was given the *opportunity* to rule on the claim. If the state court foregoes that opportunity, nothing in federal law requires that the state courts get a second chance; the case should just proceed in federal court with the newly developed facts.  If, on the other hand, a petitioner did not fairly request development of the facts on the first state habeas, or such new facts as developed now in federal court could not have been developed at the time of state habeas, the matter must be returned to state court and decided by the state court on the newly developed facts. By the parties' actions herein, the court assumes the latter situation exists.

Accordingly, IT IS RECOMMENDED that:

1. Petitioner's unopposed request for a stay of this habeas petition, filed on January 5, 2007, be granted and this case be administratively closed;

2. Petitioner be directed to file a state supreme court petition for the purpose of exhausting the unexhausted claim, if one has not already been filed, within thirty days of adoption of these findings and recommendations, should that occur;

3. Petitioner be directed to inform this court within thirty days of the filing of the state supreme court decision as to the claim at issue, so that any stay that may be imposed in this matter may be lifted and this case proceed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 7/30/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
gere1344.fr