IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY JAMES GEREN,

    Petitioner,                  No. CIV S-05-1344 JKS GGH P

    vs.

TOM L. CAREY, Warden,            ORDER

    Respondent.

_____/

Introduction

        Petitioner is proceeding in forma pauperis and with appointed counsel on an application for a writ of habeas corpus, pursuant to 28 U.S.C. 2254. Petitioner was convicted by a jury of the first degree murder of his wife (Cal. Penal Code §187), with an enhancement for use of a knife found true (Cal. Penal Code §12022(b)), on January 23, 2001; he is serving an indeterminate term of twenty-five years to life in state prison with a one-year enhancement for use of a knife. First Amended Petition (FAP), filed on December 1, 2006, at 5-6.

        On July 30, 2007, the undersigned recommended that this action be administratively stayed so that petitioner could exhaust an additional claim in state court.[1]

---

[1] Findings and Recommendation were adopted on January 11, 2008.

Pending before the court is petitioner's May 28, 2009, motion to lift the stay and a request for an evidentiary hearing.

On July 16, 2009, and September 17, 2009, hearings were held before the undersigned regarding these motions. Marylou Hillberg appeared on behalf of petitioner. Daniel Bernstein appeared on behalf of respondent. Deputy District Attorney Kelly Maloy for Butte County also appeared on September 17, 2009, on behalf of respondent.

History

Petitioner, who is indigent and proceeding in forma pauperis, was appointed counsel and the first amended petition was filed on December 1, 2006. The undersigned also approved a funding request to retain an expert. The first amended petition contained an approximately 50 page declaration from the expert, Dr. Jeff Victoroff, describing the prejudice suffered by petitioner due to the ineffective assistance of trial counsel who failed to investigate or present any evidence at trial regarding petitioner's history of mental illness and the removal of his right temporal lobe. The instant case was stayed so petitioner could properly exhaust the new ineffective assistance of counsel claim in state court. Counsel for petitioner and respondent agreed that the correct procedure would be to prepare a new petition in state court and request an evidentiary hearing.

Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court on January 9, 2007. On June 28, 2007, petitioner filed a motion for appointment of counsel and for payment of the expert witness, Dr. Victoroff, prior to an evidentiary hearing. On September 19, 2007, the California Supreme Court issued an order for an evidentiary hearing to be held in Butte County Superior Court.

A preliminary hearing was held in Butte County on October 30, 2007, and the evidentiary hearing began on April 15, 2008, where Dr. Victoroff completed his direct examination, but the hearing was continued before cross-examination could commence. The hearing never resumed.

At issue in the instant motion is the failure of Butte County and petitioner's counsel, despite numerous court hearings, motions and a writ of mandamus to the California Supreme Court, to come to a resolution on how much money should be paid to Dr. Victoroff for his expert testimony. As a result of this dispute, the evidentiary hearing was not concluded and the case has yet to be exhausted in state court.

Petitioner argues that state court exhaustion should be excused as the state court process is ineffective. Petitioner requests that this court hold an evidentiary hearing regarding the ineffective assistance of counsel claim and presumably pay for Dr. Victoroff to testify. Respondent contends that petitioner has the ability to exhaust the state court remedies, as funds have been provided to pay for an expert, just not the expensive rate of Dr. Victoroff, and an evidentiary hearing has already been commenced in state court. In the alternative, respondent suggests that this court provide additional federal funds to ensure the claim is exhausted in state court.

Payment Controversy

On June 28, 2007, petitioner's counsel, Ms. Hillberg, filed a motion for appointment of counsel and payment of expert witness prior to the California Supreme Court ordering an evidentiary hearing. In that motion Ms. Hillberg indicated that Dr. Victoroff's fee was $400 an hour. Motion Ex. A at 8. On October 8, 2007, Ms. Hillberg prepared a motion to be appointed as counsel and for the appointment of Dr. Victoroff as an expert, in advance of a preliminary hearing in Butte County Superior Court. This motion also indicated that Dr. Victoroff's fee was $400 an hour. Motion Ex. B at 6. However, neither of the above motions gave an estimate of how much Dr. Victoroff's total testimony would cost.

At the October 30, 2007, preliminary hearing, the court appointed Ms. Hillberg as petitioner's counsel and Mr. Battle as a local counsel to assist. Motion Ex. C . Ms. Hillberg noted that she had submitted a motion to be appointed and the court did state that there were local rules concerning the proper forms that Mr. Battle could aid in preparing. Id. at 2-3. Ms.

Hillberg did not mention specific costs associated with Dr. Victoroff but did state that he was expensive. Id. at 2. At the conclusion of the hearing while discussing the nature of Dr. Victoroff's testimony, the court did state that Ms. Hillberg should submit her funding request. Id. at 9.

On October 31, 2007, the day immediately following the court hearing, Ms. Hillberg emailed Denny Forland, the director of the public defender services in Butte County, regarding obtaining the funding for herself and Dr. Victoroff. Motion Ex. D. Ms. Hillberg noted that the rate was $400 an hour and acknowledged that while it was high, Dr. Victoroff had already done a lot of work on the case. Id. Mr. Forland replied and noted that the County Administration had asked him to be the liaison between Ms. Hillberg and the administration that would be responsible for obtaining payments for her services and for Dr. Victoroff. Mr. Forland stated:

> Our system for appointment of experts is probably different than other counties that you practice in. All applications for expert appointments are handled internally within our PD system. Each application must come through my office. I will email you the appropriate forms in the near future. Again, I would request an estimation of the fees/costs for Dr. Victoroff's services for his work on the Motion.

Id.

It is unclear if Ms. Hillberg provided an estimate of the costs of Dr. Victoroff's services. In her declaration, Ms. Hillberg states that she never received the forms that Mr. Forland mentioned.[2] Motion at 5.

The evidentiary hearing commenced on April 15, 2008, and according to Ms. Hillberg, the court requested that Dr. Victoroff present his bill.[3] Dr. Victoroff presented a bill totaling $24,893, for the review of documents (9.8 hours), researching applicable articles (12.25

---

[2] At the September 16, 2008, court hearing Mr. Battle stated that he filled out the forms and forwarded them to Mr. Forland. Motion Ex. G at 4.

[3] No transcripts were provided of the evidentiary hearing.

4

hours), preparation of a PowerPoint presentation (20.5 hours), phone and email consultations with Ms. Hillberg (3.41 hours), consultation with Ms. Hillberg just prior to the hearing (3 hours), testimony in court (5 hours) and travel expenses. The majority of these hours were billed at $400.

On September 4, 2008, Ms. Hillberg filed a motion to continue the evidentiary hearing and for payment of fees to Dr. Victoroff. Motion Ex. F. In the motion, Ms. Hillberg stated that Mr. Forland, the director of the public defender services, was concerned that the bill will use nearly 25% of his annual budge for ancillary services. Id. at 2.

A hearing was held in Butte County on September 16, 2008, to come to an agreement regarding Dr. Victoroff's fee. Ms. Hillberg also indicated that this was the first time she saw guidelines for the payment of experts in criminal cases in Butte County, that states they will be paid at the rate $100 per hour and limited to 30 hours.

At the September 16, 2008, hearing, Mr Battle indicated that he had completed the appropriate forms to obtain Dr. Victoroff's services and forwarded them to Mr. Forland. Motion, Ex. G at 4. The court indicated that forms never reached the court which seemed to be the problem. Id. The court stated:

> The next step is the court compliance gives the judge a copy of the [forms] with a limit of how much can be spent and how much per hour pursuant to these guidelines. Then the judge signs it and it goes back to the lawyer. And the lawyer uses that money, and if he or she needs more, it comes back for a supplemental appropriation. That's the usual procedure. It wasn't followed in this case. So we need to figure out a way to resolve that.

Id. at 4-5. No decision was reached and the court hearing was adjourned.

At another court hearing on September 30, 2008, where Ms. Hillberg was not present, the court ordered that Dr. Victoroff be paid at $100 an hour. Motion, Ex. H at. 4. Upon learning of this, Ms. Hillberg challenged this order and filed another motion for payment where she highlighted Dr. Victoroff's credentials and expertise. Motion, Ex. I. Ms. Hillberg also filed another motion on November 19, 2008, for the nunc pro tunc payment of ancillary services of Dr.

1  Victoroff.  Motion, Ex. J.   The court did not approve of the form of the motion so an additional
2  motion was filed and another hearing was held on December 17, 2008.  The Butte County
3  counsel also opposed payment at $400 an hour to Dr. Victoroff.  The Butte County counsel
4  described the county's poor financial situation and indicated that only $25,000 had been set aside
5  for petitioner's entire case.  Motion, Ex. K.

6  At the December 17, 2008, hearing, the court agreed to appoint Dr. Victoroff as
7  an expert nunc pro tunc, but refused to authorize the $400 an hour rate.  Motion, Ex. K.  The
8  court also encouraged Ms. Hillberg to file a writ of mandate in the California Supreme Court to
9  seek additional funds.  Id.  On February 13, 2009, Ms. Hillberg filed a writ of mandate with the
10 California Supreme Court, but it was denied without comment on April 29, 2009.

11 Ms. Hillberg filed the instant motion on May 28, 2009, and a hearing was held
12 before the undersigned on July 16, 2009.  At that hearing the undersigned inquired if either party
13 had requested the Butte County court to subpoena Dr. Victoroff; no subpoena had been
14 requested.

15 At a status conference at the Butte County court on August 5, 2009, the District
16 Attorney's Office requested a subpoena for Dr. Victoroff to complete his testimony, but the court
17 denied the request.  The District Attorney's Office filed a motion for reconsideration, but that
18 was denied on August 26, 2009.

19 At the hearing before the undersigned on September 17, 2009, counsel for
20 respondent indicated that Butte County would pay Dr. Victoroff a rate of $100 hour for his
21 services if he did not finish his testimony and a rate of $200 an hour if Dr. Victoroff returned to
22 conclude his testimony.  See also September 16, 2009, Declaration of Brad Stephens, Deputy
23 County Counsel at 5.

24 Analysis

25 The interests of comity and federalism dictate that state courts must have the first
26 opportunity to decide a petitioner's claims.  Rose v. Lundy, 455 U.S. 509, 518-519, 102 S.Ct.

1198, 71 L.Ed.2d 379 (1982).  "Because 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation,' federal courts apply the doctrine of comity." Id., at 518, 102 S.Ct. 1198 (quoting Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950)).  That doctrine "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Rose v. Lundy, at 518, 102 S.Ct. 1198.  However, it is important to emphasize that "[a]ll exhaustion requires is that the state courts have the opportunity to remedy an error, not that they actually took advantage of the opportunity." Scott v. Schiro, 567 F.3d 573, 583 (2009).

Despite the tortured procedural history of the last two years and the attempts to finish the evidentiary hearing in Butte County, the court will not grant petitioner's request to deem the state process ineffective and for this court to hold an evidentiary hearing with Dr. Victoroff.  Yet, the court notes that while petitioner remains incarcerated, the state court process has not made substantial progress and Butte County may be forced to strike Dr. Victoroff's testimony and start over.

At the September 17, 2009, hearing before the undersigned, petitioner's counsel represented that she was starting the process of searching for a new expert witness to work at the lowered rate, and essentially restart the entire process from the beginning.  This will no doubt take a large amount of time as a new expert will have to review all the relevant materials, interview petitioner, and prepare for the new evidentiary hearing.  The court sees no reason to reinvent the wheel as Dr. Victoroff, with his work on the federal and state case, is well versed in the facts of this case and has already testified on direct examination in Butte County.

\\\\\

\\\\\

\\\\\

Recent Supreme Court dicta discussing 18 U.S.C. § 3599(e)[4], provides the district court, in very limited circumstances, the ability to provide funding for a petitioner to exhaust claims in state court. The Supreme Court stated in Harbison v. Bell, --- U.S. ----, 129 S.Ct. 1481, 173 L.Ed.2d 347 (2009), that "[p]ursuant to § 3599(e)'s provision that counsel may represent her client in '*other appropriate motions and procedures*,' a district court may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation." Id., at 1489, Fn. 7 (emphasis added); see also Gordon v. Vaquez, 859 F.Supp 413 (E.D. Cal. 1994).

While Harbison and § 3599(e) involved capital cases, the instant non-capital case is governed by § 2254(h) and § 3006A. A plain reading of § 3006A(e)(1), reveals that expert services can be obtained if, "the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required *in connection with a matter* over which he has jurisdiction, shall authorize counsel to obtain the services." Id. (emphasis added). As Harbison looked to the language, 'other appropriate motions and procedures' of § 3599(e) in giving district courts authority on a case-by-case basis, the 'in connection with a matter' language of § 3006A(e)(1) should have an analogous result. While this court does not have jurisdiction over the proceedings in Butte County, those proceedings are clearly connected to the habeas case that the court does retain jurisdiction over. The undersigned originally provided the funding to retain Dr. Victoroff and can thus provide additional funding to exhaust the state court claim.

\\\\\

---

[4] 18 U.S.C. § 3599(e), states, "[u]nless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

The court notes with a strong sense of irony that while § 3006A permits the expenditures of certain funds in habeas proceedings, any mention of state proceedings is notably silent.  The undersigned found this silence important in a previous case, ruling that habeas counsel could not be reimbursed for representing petitioner in state habeas corpus exhaustion proceedings.  <u>Courtney v. Hedgepeth</u>, 2008 WL 4891216, *1 (E.D.Cal. Nov 12, 2008) (No. CIV S 07-1045 JAM GGH P).  Yet, the instant case is distinguishable due to the Supreme Court's subsequent ruling in <u>Harbison</u> and most importantly, the unique circumstances of this case and the procedural history in Butte County.

This court is extremely reluctant to involve itself in the state court evidentiary hearing.  In <u>Courtney v. Hedgepth</u>, the undersigned stated, "[i]t is also quite apparent that the ability to fund is the ability to control.  Such federal control over evidence to be utilized at least initially in the context of exhaustion of state remedies is the antithesis of comity."  <u>Id</u>., at 2.  However, the court finds itself confronted with such a unique situation where granting funding to exhaust the state court proceeding will provide the momentum to move the case forward quickly and not perversely offend traditional notions of comity and federalism.

The court believes that after reviewing the attempts to conclude the evidentiary hearing and noting the dire financial situation in Butte County and Butte County's many attempts to find a solution to restart the hearing, that these unique circumstances fit the tiny exception that the Supreme Court described in <u>Harbison</u>.

As previously stated, respondent's counsel indicated that Butte County would pay Dr. Victoroff $200 an hour if he returned to complete his testimony.  See also September 16, 2009, Declaration of Brad Stephens, Deputy County Counsel at 5.  Butte County has demonstrated its willingness to be flexible and attempt to compensate Dr. Victoroff at a reasonable rate.  If petitioner presents a proper funding request to this court, the undersigned will authorize payment of $200 an hour to Dr. Victoroff for all his work, past and future, in Butte County, which in addition to the $200 an hour offered by Butte County will equal Dr. Victoroff's

normal rate.

Accordingly, IT IS HEREBY ORDERED that

1. Petitioner's September 28, 2009, motion to reopen the case is denied, with leave to file a further motion to reopen at a future date.

2. Petitioner's motion for an evidentiary hearing is denied.

DATED: 10/09/09

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh: ab
gere1344.sta