IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY JAMES GEREN,<br><br>       Petitioner,<br><br>  vs.<br><br>MATTHEW CATE, Secretary, California Department of Corrections and Rehabilitation,<br><br>       Respondent. | No. 2:05-cv-01344-JKS-GGH<br><br>ORDER<br>[Re: Motions at Docket Nos. 79, 80] |

   This Court denied Randy James Geren, a California state prisoner, habeas relief and a certificate of appealability on February 1, 2012. Docket Nos. 72, 73. The Ninth Circuit Court of Appeals denied Geren's request for a certificate of appealability and dismissed Geren's appeal on March 18, 2013. Docket No. 78. Geren now submits a filing entitled, "Extraordinary Writ of Mandamus and/or Motion to Reopen Habeas Corpus Proceedings." Docket No. 79. Geren concurrently requests the appointment of counsel. Docket No. 80.

   The federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Here, Geren challenges his state court conviction, and appears to request that this Court order the Butte County Superior Court to modify his sentence. The statute, however, only allows mandamus to compel federal actors and agencies; federal district courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the

performance of their duties.  A petition for a writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law.  *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-92 (9th Cir. 1991).  Accordingly, this Court lacks authority to issue the requested writ of mandamus.

In the alternative, Geren seeks to reopen the habeas corpus proceedings.  Federal Rule of Civil Procedure 60(b) regulates the procedure for obtaining relief from final judgments, and is available to habeas petitioners seeking to reopen previously-dismissed petitions brought under 28 U.S.C. § 2254.  *See Gonzalez v. Crosby*, 545 U.S. 524, 534-35 (2005).  A Rule 60(b) motion "must be made within a reasonable time."  FED. R. CIV. P. 60(c)(1).  Geren fails to show that his motion, filed nearly 5 years after final judgment in this case, was made within a reasonable time.

Moreover, relief under Rule 60(b) is not available where the filing is a "second or successive" petition governed by 28 U.S.C. § 2244(b)(1)-(2).  *See id.* at 532.  If a habeas petition is successive, it must meet the requirements set forth in 28 U.S.C. § 2244(b) and be precertified by the appropriate court of appeals as falling within an exception to the successive-petition bar.  *See* 28 U.S.C. § 2244(b)(3)(A); 9TH CIR. R. 22-3(a).  A filing disguised as a Rule 60(b) motion cannot run around this requirement.  The Supreme Court has explained that a Rule 60(b) motion that "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a [habeas] claim on the merits" constitutes a second or successive habeas petition.  *Gonzalez*, 545 U.S. at 532.  The filing at Docket No. 79 raises 14 grounds that either assert new claims or attack

this Court's resolution of his earlier Petition.[1]  Consequently, his filing is an unauthorized "second or successive" petition under § 2244(b).

The Supreme Court has recognized that a "defect in the integrity of the federal habeas proceedings," such as "fraud on the habeas court," might justify reopening § 2254 proceedings under Rule 60(b).  *Id.* at 532 & n.5.  Geren argues that his motion demonstrates such defect, and his is the rare case in which extraordinary circumstances justify reopening his § 2254 proceedings.  To show a defect in the integrity of his first § 2254 proceeding, Geren must point to something that happened during the proceeding that rendered its outcome suspect.  The Ninth Circuit has explained that "[f]raud on the court must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision."  *Abatti v. Comm'r*, 859 F.2d 115, 118 (9th Cir. 1988) (internal quotation marks omitted).  Geren argues, in conclusory terms, that perjured testimony was relied upon to sustain his conviction.  But a review of this case reveals no such plan or scheme at work in Geren's first § 2254 proceeding that could warrant relief under Rule 60(b).

Geren further moves for the Court to appoint him legal counsel.  As an initial matter, the Court notes that the record indicates that counsel has already been appointed in this case.  To the extent Geren seeks a new appointment of counsel to represent him in further proceedings related to his case, such appointment is not warranted.  While this Court is not unmindful of the plight of

---

[1] Geren argues that a number of the claims raised in his earlier petition were not adjudicated.  A review of the record, however, shows that, after counsel was appointed to represent him, appointed counsel filed an amended petition that omitted a number of the claims raised in Geren's initial petition.  *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (an amended complaint supercedes the original complaint).  A review of the memorandum decision indicates that all claims raised in the counseled Amended Petition were considered and adjudicated.

unrepresented state prisoners in federal habeas proceedings, there is no constitutional right to counsel in federal habeas proceedings. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)). Appointment of counsel is not required in a habeas corpus proceeding in the absence of an order granting discovery or an evidentiary hearing. *See* Rules Governing Section 2254 Cases in the U.S. District Courts, Rule 6(a), 8(c). This Court may under the Criminal Justice Act appoint counsel in this case if it determines that the interests of justice so require. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B); *see Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."). Because this case has been long closed, and the Court has now determined that re-opening it is not warranted, this Court does not so determine. Geren's request for counsel is therefore denied.

**IT IS THEREFORE ORDERED THAT** the "Extraordinary Writ of Mandamus and/or Motion to Reopen Habeas Corpus Proceedings" at Docket No. 79 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the "Motion to Appoint Counsel" at Docket No. 80 is **DENIED**.

Dated: January 26, 2017.

      /s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge